ESTATE OF MERRILL: HAUGAN, Executor, and others, Appellants, vs. MERRILL, Respondent.

*April 8—May 3, 1927.*

*Life estates: Reservation of "interest" in corporate stock: Ownership of stock dividends.*

1. Where a mother gave her son shares of corporate stock on condition that she receive the interest thereon during her life, and the son, in accepting the gift, covenanted to pay to her "all income and dividends which shall accrue or be paid upon said stock," the mother was entitled to a stock dividend thereafter issued or its cash value.   p. 88.

[2. Whether the donee would have the right to have the dividend stock issued to him if he tendered the face value thereof to the donor in cash, not decided, as such tender was not in fact made.]   p. 88.

APPEAL from a judgment of the county court of Milwaukee county: DAVID W. AGNEW, Acting Judge.   *Affirmed.*

*Mary E. Merrill* filed a claim against the estate of her son, Frederick F. Merrill, deceased, to recover fifty shares of stock in the State Bank of Chicago.   The court found as facts:

"(1) That the said *Mary E. Merrill* on July 5, 1902, gave her son, the said Frederick F. Merrill, 100 shares of stock of the State Bank of Chicago, represented by its certificate No. 64, issued to her and dated January 2, 1900, upon the condition that, unless otherwise directed by her, she should receive all interest thereon during her life.

"(2) That on the 27th day of August, 1902, the said *Mary E. Merrill,* at her residence in the city of Milwaukee, duly indorsed upon the back of said certificate No. 64 an assignment of the stock mentioned therein to the said Frederick F. Merrill and then and there delivered said certificate, so indorsed, to him; that at the same time and place the said Frederick F. Merrill executed and delivered to the said *Mary E. Merrill* the agreement, a copy of which is attached to said petition as Exhibit 'A,' reciting that the said *Mary*

*E. Merrill* had transferred and given to him the said 100 shares of stock, represented by said certificate No. 64, and indorsed by assignment to him, and in and by said agreement, in consideration of such transfer, the said Frederick F. Merrill did promise and covenant that all income and dividends which should thereafter accrue or be paid upon said stock should be promptly paid to the said *Mary E. Merrill* so long as she should live.

"(3) That on the 24th day of October, 1917, the said. Frederick F. Merrill delivered said certificate No. 64 for cancellation to the said State Bank of Chicago, and thereupon said bank issued in place thereof to Richard Merrill, brother of said Frederick F. Merrill, its certificate No. 2002 for 25 shares, and to said Frederick F. Merrill its certificate No. 2001 for 75 shares; that said division of said stock was made with the consent of *Mary E. Merrill* and upon the agreement of said Frederick F. Merrill that the 75 shares of stock so issued to him should be subject to the payment to her of all income and dividends thereon, as provided by his said agreement of August 27, 1902, with reference to the 100 shares of stock represented by said certificate No. 64.

"(4) That said agreement of August 27, 1902, as modified, as stated in the preceding finding, was performed by the said Frederick F. Merrill in that all cash dividends declared on the 100 shares of stock represented by said certificate No. 64 were paid to said *Mary E. Merrill* up to the time that said certificate was canceled as aforesaid, and that all cash dividends declared on said 75 shares of stock represented by said certificate No. 2001, up to the date of the death of said Frederick F. Merrill, were paid by him to her; that said certificate No. 2001 is now in the possession of said *Haugan,* as such executor.

"(5) That on June 15, 1920, the said State Bank of Chicago declared a stock dividend of 66⅔ % of its capital stock, and pursuant thereto the said bank issued to the said Frederick F. Merrill, as the owner of record of said 75 shares of stock represented by said certificate No. 2001, its certificate No. 2654 for 50 shares of said stock; that the said Frederick F. Merrill failed and neglected to transfer said 50 shares of stock to the said *Mary E. Merrill,* but kept and retained said certificate No. 2654 in his possession up to the

time of his death; that said certificate No. 2654 is now in the possession of said *Oscar H. Haugan,* as such executor; that said Frederick F. Merrill up to the time of his death paid to the said *Mary E. Merrill* all dividends declared on said 50 shares of stock represented by said certificate No. 2654.

"(6) That said State Bank of Chicago pays dividends quarterly, and that the said *Oscar H. Haugan,* as special administrator of said estate and as executor thereof, has received from said bank all dividends which have been declared since the death of said Frederick F. Merrill on the said 75 shares of stock and on said 50 shares of stock, represented by said certificates No. 2001 and 2654 respectively."

The agreement referred to in the second finding of fact was embodied in two exhibits which read respectively:

"Frederick Freeman Merrill,
                "Milwaukee, Wisconsin.

"My Dear Son: I ask you hereby to accept as a token of my appreciation of your constant and unfailing devotion to my comfort and attention during the years since your father's death, a gift of stock held by me at this date in the State Bank of Chicago, Chicago, Illinois, under the sole and only condition that unless otherwise directed by me I shall receive the interest thereon during my life. This is to be construed as an absolute gift from me, and said stock shall under no circumstances be included in any will I may make at any future date, as it is not included in any will I have made at any previous date. With much love I remain, your affectionate mother,        MARY E. MERRILL.    July 5, 1902."

"I, Frederick F. Merrill, of the city and county of Milwaukee, in the state of Wisconsin, do hereby covenant and agree to and with my mother, *Mary E. Merrill,* of the same place, as follows:

"Whereas, my mother has transferred and given to me 100 shares of the capital stock of State Bank of Chicago, evidenced by a certificate for said 100 shares numbered sixty-four (64), dated January 2, 1900, issued to *Mary E. Merrill,* as owner, and assigned by indorsement to me:

"Now, therefore, in consideration of such transfer to me, I do promise and covenant that all income and dividends

which shall accrue or be paid upon said stock shall be promptly paid to my said mother, as long as she shall live.

"And in case of the sale of the said stock by me, I do hereby promise and agree that I will, so long as my mother shall live after such sale of said stock by me, pay to her semiannually a sum of money equal to the last semi-annual dividend upon said stock prior to the sale of said stock by me.

"In witness whereof, I have hereunto set my hand and seal this twenty-seventh (27th) day of August, A. D. 1902.

"FREDERICK F. MERRILL.

"In presence of Elizabeth J. Wambold, Elizabeth Slater."

As conclusions of law the court found:

"That said *Mary E. Merrill* is entitled to the order and judgment of this court:

"(1) Adjudging that the said *Mary E. Merrill* is, and has been since the issuance of said certificate No. 2654, the owner of the 50 shares of stock represented thereby, and directing that the said *Oscar H. Haugan,* as such executor, indorse on the back of said certificate No. 2654 an assignment and transfer of the 50 shares of stock represented thereby to the said *Mary E. Merrill,* and deliver said certificate so indorsed to her forthwith.

"(2) Adjudging that the said *Oscar H. Haugan,* as such executor, indorse upon the back of said certificate No. 2001 an assignment and transfer of said 75 shares of stock represented thereby to a trustee, to be appointed by this court, to hold the same in trust to pay all income and dividends that shall accrue or be paid thereon to the said *Mary E. Merrill* so long as she shall live.

"(3) Adjudging that the said *Oscar H. Haugan,* as such executor, pay forthwith to the said *Mary E. Merrill* the amount of all dividends on said 75 shares of stock represented by said certificate No. 2001 and on said 50 shares of stock represented by said certificate No. 2654, which he has received as such special administrator and such executor from the said State Bank of Chicago.

"(4) That the said *Mary E. Merrill* have and recover from said *Haugan,* as such executor, her taxable attorney's fees and disbursements in this proceeding."

From a judgment entered accordingly the executor and widow of Frederick F. Merrill appealed.

For the appellant *Haugan,* executor, there was a brief by *Wheeler, Witte & Bark* of Milwaukee, and oral argument by *Lyman G. Wheeler.*

For the appellant *Antonia C. Merrill* there was a brief by *Miller, Mack & Fairchild* of Milwaukee, signed also by *Ernst von Briesen* and *Olaf I. Rove,* both of Milwaukee, attorneys for *Asbjorn Sansthagen,* residuary legatee, and oral argument by *Mr. von Briesen.*

For the respondent *Mary E. Merrill* there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Frank M. Hoyt.*

VINJE, C. J.   Various claims are made by the appellants to the effect that there is no evidence to show a completed gift; that a new arrangement was made in 1917, the nature of which we do not know, and there is a lack of proof to show claimant is entitled to the fifty shares of dividend stock.   We think the proof amply sustains the findings of fact, and shall not set forth the evidence because to do so would be of no value to the legal profession.

Upon the facts as found only a few questions of law arise. Claim is made by appellants that *Mrs. Merrill* is entitled to interest only and not to dividends, and certainly not to stock dividends.   This claim is based upon the fact that in her letter of gift she retains the interest thereon for life.   There are two answers to this claim: first, that interest includes all earnings on the stock, including stock dividends if issued; and second, that in his letter accepting the gift Frederick covenants that "all income and dividends which shall accrue or be paid upon said stock shall be promptly paid to my said mother as long as she shall live."

Whether *Mrs. Merrill* would have the right to have the dividend stock issued to her if he tendered the face value thereof in cash we need not decide, for it is evident that he

waived the right to have the stock issued to him as absolute owner because he never tendered her the cash equivalent thereof.. That she was entitled to the dividend stock or its face value in cash is settled by the cases of *Soehnlein v. Soehnlein,* 146 Wis. 330, 131 N. W. 739, and *Miller v. Payne,* 150 Wis. 354, 136 N. W. 811.

*By the Court.*—Judgment affirmed.